UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

MICHAEL BARIL,

Plaintiff,

**MEMORANDUM & ORDER**
25-CV-5107(EK)(PK)

-against-

THE BANK OF NEW YORK MELLON et al.,

Defendants.

-----------------------------------x

ERIC KOMITEE, United States District Judge:

Plaintiff Michael Baril brought this action against several banks and one individual. Proceeding *pro se*, she alleges that defendants Bank of New York Mellon and JP Morgan Chase Bank N.A. obtained a state-court judgment of foreclosure on her home based on a fraudulently assigned mortgage. Plaintiff invokes the Court's federal question and diversity jurisdiction, but her complaint does not identify a cause of action.

Plaintiff's request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915. For the reasons that follow, the complaint is dismissed for failure to state a claim.

## I. Background

The Court takes the following facts from the complaint and assumes them to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff resides at 115-111 230th Street in Queens. Compl. 2-3, ECF No. 1.[1] In November 2005, she took out a loan for approximately $90,000 secured by that property. *See Id.* at 15. The complaint — which is largely devoid of factual allegations — alleges that defendants improperly initiated foreclosure proceedings. Among other things, she claims the defendants "did not have the capacity to sue the plaintiff." *Id.* at 7. It further alleges that "all five assignments were defective, fraudulent, and violated the due process rights of the plaintiff." *Id.*

According to the complaint, the foreclosure action is currently on appeal, but plaintiff does not indicate in which jurisdiction. *Id.* at 10. The defendants are Bank of New York Mellon, Countrywide Home Loans, JP Morgan Chase Bank N.A. ("JP Morgan"), Mortgage Electronic Registration Systems ("MERS"), and Carmen Dena, a secretary at MERS. According to the complaint, Dena signed the paperwork to assign the mortgage to Bank of New York Mellon without authority from MERS to do so. *Id.* at 15. While the complaint refers to additional unlawful assignments, it offers no facts concerning them. *Id.* at 7.

Plaintiff invokes the Court's federal question and diversity jurisdiction, but points to no federal statute. *See id.* at 2. Instead, plaintiff claims (1) defendants Bank of New

[1] References to page numbers in the complaint use ECF pagination.

York Mellon and JP Morgan lacked standing to initiate foreclosure proceedings in state court "based on knowingly false assignments of mortgages executed by fraudulent staff members;" (2) the "defendants[] were never registered to do business in the State of New Jersey" when the proceedings were commenced or before the judgment; and (3) the "defendants[] lacked the legal capacity to sue because of the security exchange commission reports and the OCC filings of a cease and desist order." *Id.* at 4, 6-7. She insists she is not attempting to challenge the judgment in the foreclosure proceeding. At the same time, she seeks $1.5 million in damages "based upon the illegality of the foreclosure and the subsequent illegal foreclosure proceedings." *Id.* at 5-6, 7, 11.

## II. Legal Standard

A district court will dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At this stage, "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).[2] In doing so, the court "must take the facts alleged in

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest claims it suggests. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. Discussion

### A. The Complaint Does Not Comply With Rule 8

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Dismissal of a complaint is appropriate when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

The instant complaint does not make out a discernible cause of action. When "[i]t is unclear from [a plaintiff's] complaint what the federal cause of action against the named defendants is," dismissal under Rule 8 is appropriate. *Johnson v. United States*, No. 18-CV-2817, 2019 WL 13563240, at *1 (E.D.N.Y. Apr. 1, 2019). The complaint asserts that "the defendant[s] lacked standing to commence the [foreclosure] proceedings." Compl. 4. However, "an assertion that a [lender] lacked standing to initiate foreclosure proceedings is not a cause of action but an affirmative defense that must be asserted in the action for which a party's lack of standing is claimed." *Newman v. Wells Fargo Bank, N.A.*, No. 18-CV-2175, 2019 WL 5694334, at *9 (E.D.N.Y. July 10, 2019) (citing *Fossella v. Dinkins*, 66 N.Y.2d 162 (N.Y. 1985)). Similarly, plaintiff's allegation that defendants lacked legal capacity points to a defense in the foreclosure action, not a federal cause of action. *See id.*

Given that the complaint does not state any cognizable cause of action, the Court dismisses it under Rule 8.

**B. The Complaint Does Not Adequately Plead Jurisdiction**

Given that plaintiff has not asserted a federal cause of action, this Court has jurisdiction only if plaintiff adequately pleads diversity jurisdiction. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). The parties must be completely diverse, and "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). And a national bank is a citizen of the state in which it has its main office. *Wachovia Bank N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

Here, plaintiff alleges that she resides in Queens, but does not allege her state of citizenship. And plaintiff makes no allegations concerning the citizenship of Dena or the defendant entities. Accordingly, the complaint does not adequately plead diversity jurisdiction.

**IV. Conclusion**

For the foregoing reasons, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Given plaintiff's *pro se* status, plaintiff is granted twenty-eight days from the date of this Order to amend her complaint. Any

amended complaint will completely replace, not supplement, the prior complaint. Therefore, the amended complaint must include all claims and factual allegations against all defendants, must be captioned an "Amended Complaint," and should bear the same docket number as this Memorandum and Order. Should plaintiff invoke diversity jurisdiction, the amended complaint must allege the citizenship of each party. If plaintiff fails to file an amended complaint within the time allowed or cure the deficiencies identified in this order, the case will be dismissed with prejudice, and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: October 26, 2026
Brooklyn, New York